UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MATTHEW BURRITT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-500-PPS-APR |
| ROBERT MARZOLF, JUSTIN JAMES, | |
| Defendants. | |

OPINION AND ORDER

Matthew Burritt, a prisoner without a lawyer, filed a complaint alleging Auburn Police officers used excessive force against him on June 29, 2021. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Burritt acknowledges this case is subject to a two-year statute of limitation. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't

1

entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Here, Burritt has plead himself out – unless he is entitled to equitable tolling.

Burritt alleges he "spent thirteen months in the county jail unable to do anything. Another month in R.D.C. Since I've been in I.Y.C. I've tried pulling this together with under a year." ECF 10 at 4. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As to the second prong, his mere allegation that he was unable to do anything while in the county jail is too conclusory to warrant equitable tolling. Being in jail is not an extraordinary circumstance. Many inmates file lawsuits from county jails. Burritt has not explained why he was unable to do so. So too with the time he was at R.D.C and I.Y.C. As for the first prong, he appears to be saying he wanted to file sooner once he was transferred to I.Y.C., but did not do so. This alone does not demonstrate that he diligently pursued filing this case – either then or earlier. Burritt was immediately aware he had suffered a serious injury. For years he has either known the names of the defendants or could have easily found their names since they were his arresting officers. This complaint provides no basis for finding equitable tolling, but it clearly alleges facts showing the case was filed after the statute of limitations expired.

Burritt cannot proceed on this complaint, but if he believes he can file a complaint which states a claim based on (and consistent with) the events described in this complaint while also establishing equitable tolling, he may file a second amended

2

complaint. To do so, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Matthew Burritt until **June 12, 2024**, to file an amended complaint; and

(2) CAUTIONS Matthew Burritt if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 9, 2024

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT